## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## MACON DIVISION

UNITED STATES OF AMERICA,
*ex rel.* JOSHUA WALTHOUR,

STATE OF GEORGIA,
*ex rel.* JOSHUA WALTHOUR,

      Plaintiffs,

v.

MIDDLE GEORGIA FAMILY REHAB,
LLC, BRENDA G. HICKS a/k/a BRENDA
TAYLOR, and CLARENCE HICKS,

      Defendants.

Civil Action No. 5:18-CV-378 (TES)

## PARTIAL JUDGMENT

In this case, the Court has found that Defendants Middle Georgia Family Rehab, LLC, and Brenda G. Hicks are jointly liable for 796 false claims that were improperly submitted to TRICARE and Medicaid. *See* ECF No. 52; *see also* ECF No. 59-1. On May 2, 2022, the Court held a hearing (which was continued until May 24, 2022) to decide the appropriate damage and penalties to be assessed. As explained below, the Court now enters a partial judgment in favor of the Government in the amount of $9,617,679.22.

Under controlling Eleventh Circuit law, a person who violates the FCA is liable to the United States for: (1) three times the amount of damages sustained by the government, and (2) a civil penalty for each false claim submitted. 31 U.S.C. § 3729(a)(1); *Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1304 (11th Cir. 2021). Looking first to damages, in light of the evidence presented at the hearing, the Court finds that the

single damages for the identified 796 false claims are equal to the full amount paid to Defendants for all of the claims at issue. *See* ECF Nos. 59-2, 59-3, 59-4, 59-5. Based on the evidence presented at the hearing, that amount totals $74,163.74. The single damages must then be multiplied by three, as mandated by the FCA. *See* 31 U.S.C. § 3729(a)(1). This amounts to a finding of $222,491.22 in treble damages for the identified false claims.

In addition to treble damages, FCA violators are liable for a civil penalty of between $5,500 and $11,000 for each false claim. 31 U.S.C. § 3729(a)(1); *see also* 28 C.F.R. § 85.5. For violations occurring after November 2, 2015, all FCA penalties are subject to an annual adjustment for inflation pursuant to Section 701 of the Bipartisan Budget Act of 2015, Public Law 114-74 (No. 2, 2015) (BBA). At the time of the damages hearing on May 2, 2022, by operation of the BBA, for all FCA penalties assessed after December 13, 2021, whose associated violations occurred after November 2, 2015, the penalty range for each violation is not less than $11,803 and not more than $23,607. *See* 86 Fed. Reg. 70740 (Dec. 13, 2021); 28 C.F.R. 85.5. Looking to the facts of this case, the Court has determined that the minimum statutory penalty of $11,803 should apply on a per-claim basis to each of the 796 false claims identified.[1] Thus, the penalty amount totals $9,395,188.

In addition to the determination of damages and penalties, the parties have jointly asked that the Court certify the partial judgment as a final judgment under Federal Rule

---

[1] The Government argued at the hearing that the revised penalty range effective after May 9, 2022, should apply given that the Court's judgment assessing the required penalties would not be entered until after the effective date of a new penalty range. The Court, however, declines to adopt that reasoning and instead rules that the hearing originally commenced on May 2, 2022, was held open to resolve outstanding issues, which justifies using the prior statutory range that was in place from December 13, 2021, until May 8, 2022. *See* 87 Fed. Reg. 27513 (Dec. 13, 2022); 28 C.F.R. 85.5.

of Civil Procedure 54(b). A certification under Rule 54(b) turns on a requisite two-step analysis. *Lloyd Noland Found., Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007). The two-step inquiry is as follows:

> First, the court must determine that its final judgment is, in fact, both final and a judgment. That is, the court's decision must be "final" in the sense that it is an ultimate disposition of an individual claim entered in the course of a multiple claims action, and a "judgment" in the sense that it is a decision upon a cognizable claim for relief. Second, having found that the decision was a final judgment, the district court must then determine that there is no "just reason for delay" in certifying it as final and immediately appealable. This inquiry is required because not all final judgments on individual claims should be immediately appealable.

*Id.* at 777-78 (internal citations, quotation marks, and brackets omitted).

Looking to these two-prongs, the Court first finds that its decision on the 796 claims at issue in the Government's partial motion for summary judgment is "final" because it is an ultimate disposition of those individual claims and a "judgment" because it is a decision upon a cognizable claim for relief. *Llyod Noland Found., Inc.*, 483 F.3d at 777 (citations omitted). Second, the Court has determined that there is no just reason for delay. The Court makes this determination by balancing judicial administrative interests and relevant equitable concerns. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 7–8 (1980). Considering the significant damages and penalties assessed by virtue of this judgment and the potential need for a trial on the remaining claims, the Court finds that the parties have a strong interest in exercising their right to appeal now—before the expenditure of time, effort, money, and energy litigating the remaining claims that may not, as a practical matter, be recoverable. It would be an unnecessary hardship on both

parties to wait until the end of the litigation to certify the judgment. Thus, the partial judgment entered here is properly certified under Rule 54(b).

The government has requested that all claims in the case on which summary judgment has not been granted remain pending and that all further proceedings in the case be stayed during the pendency of any appeal of the judgment certified as final under Rule 54(b). The Court, finding that a stay is warranted under the circumstances, grants the stay request and orders that all further proceedings in this case are, and shall remain, stayed until the issuance of the mandate by the Eleventh Circuit following the disposition of any appeal taken from the judgment certified as final under Rule 54(b). If no appeal is taken from that judgment, or if an appeal is taken and the judgment is affirmed, then the parties shall confer and promptly dismiss all remaining claims. If, however, an appeal of the judgment is taken and the judgment is vacated or reversed, then the government shall retain the right to move this Court to lift the stay hereby imposed and pursue further proceedings with respect to all claims in this suit.

SO ORDERED this __ day of ____, 2022.

TILMAN E. SELF, III
UNITED STATES DISTRICT JUDGE